UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | Case No. 5:25 CR 70 |
| Plaintiff, | ) | |
| | ) | JUDGE DONALD C. NUGENT |
| vs. | ) | |
| | ) | MEMORANDUM OPINION |
| VALL ILIEV, | ) | AND ORDER |
| | ) | |
| Defendant. | ) | |

This matter is before the Court on Defendant's Motion for Compassionate Release: Sentencing Reduction 18 U.S.C. §3582(c)(1)(A). (ECF # 46). The Government filed a Response in Opposition, and Defendant filed a Reply in support of his motion. (ECF #48, 50).

Mr. Iliev pled guilty to one count of Conspiracy to Smuggle Goods into the United States in violation of 18 U.S.C. §371; and, one count of Conspiracy to Traffic in Counterfeit Goods in violation of 18 U.S.C. §2320(a)(1). (ECF # 38). The Court sentenced him to 63 months in prison. (ECF #38). On July 10, 2026, Mr. Iliev submitted a request for compassionate release with the Warden at FCI Ashland, where he is incarcerated, (ECF #46, Ex. B). That request was denied. He began serving his sentence on October 1, 2025, and is scheduled to be released in December of 2029.

Under the terms of the First Step Act, 18 U.S.C. §3582(c)(1)(A), inmates may file a request with the court to modify an imposed term of imprisonment for "extraordinary and compelling reasons." Prior to taking such action, however, an inmate is required to request that

the Director of the Bureau of Prisons ("BOP") file a motion on his behalf, and to "fully exhaust[] all administrative rights to appeal a failure of the BOP to bring a motion." *Id.* Administrative rights are exhausted when the warden refuses to recommend that the BOP file a compassionate release motion with the court, and the prisoner appeals the denial using the BOP's Administrative Remedy program, or if there has been a "lapse of 30 days from the receipt of such a request by the warden of the defendant's facility." Program Statement 1330.18; 28 C.F.R. 542(B), The Sixth Circuit has interpreted this to mean that the exhaustion requirement is satisfied thirty days after a warden receives a request by an inmate, regardless of whether any administrative appeals are available or have been pursued. *See, United States v. Alam*, 960 F.3d 831 (6th Cir. 2020). Mr. Iliev attached documentation indicating that he has exhausted his administrative remedies. (ECF #71, Ex. A). Therefore, the Court will address the merits of his request.

In order to justify compassionate release a court, "after considering the factors set forth in 18 U.S.C. §3553(a), must determine: (1) that extraordinary and compelling reasons warrant a sentence reduction;[1] (2) that the defendant is not a danger to the safety of any other person or to the community as provided in 18 U.S.C. §3142(g); and, (3) that the reduction is consistent with the USSG's policy statement in §1B1.13. A "compassionate release decision is discretionary, not mandatory." *United States v. Curry*, 606 F.3d 323, 330 (6th Cir. 2010).

For purposes of this opinion, the Court considered and balanced all the factors set forth in 18 U.S.C. §3553(a). Mr. Iliev argues that he qualifies for relief because his health issues create extraordinary and compelling reasons as set forth in the USSG policy statement in §1B1.13(b)(1), and (b)(3)(C). He has been diagnosed with leukocytosis iron deficiency, anemia,

---

[1]Alternatively, courts may consider a reduction if the defendant is at least 70 years old and has served at least 30 years in prison.

hypertension, esophageal reflux, obstructive sleep apnea, high cholesterol, colorectal cancer, and claudication of both legs. He has also been previously diagnosed with acute stress disorder, anxiety, and major depression disorder. All of these conditions were known to him and to the Court at the time of sentencing. (ECF #19). Since being incarcerated, he has also suffered from an aneurysm of the ascending aorta, prostate disorder, and potential diagnoses of dementia and Alzheimer's disease. (ECF #46, PageID520). The Court disagrees that these conditions, either individually or in combination rise to the level of extraordinary health .

In order to qualify as extraordinary and compelling reasons for a sentence reduction under U.S.S.G. §§1B1.13(b)(1)(A), (b)(1)(B), (b)(1)(C), and (b)(1)(D), Mr. Iliev's would have to suffer from a terminal illness, a serious condition or cognitive impairment that "substantially diminishes the ability of the defendant to provide self-care" in prison, and/or a medical condition that "requires long-term or specialized medical care" that is not currently provided in prison. Mr. Iliev's health problems do not rise to the level of extraordinary and compelling reasons for relief because there is no indication that his medical conditions are terminal, or that they substantially diminish his ability to provide self-care within the correctional facility. The records show that he has been receiving appropriate and adequate care, that his conditions are being controlled by medication available through the prison, and that, at least at this point in time, he remains capable of self-care. Therefore, none of his medical conditions, alone or in combination, rise to the level of extraordinary and compelling reasons to reduce his sentence.

Finally, even if Mr. Iliev's had established extraordinary and compelling reasons for relief under the sentencing guidelines, he would not qualify for release after consideration of the other §3553(a) factors. These include but are not limited to, the nature and circumstances of the offense, the history and character of the defendant, the need for the sentence originally imposed, the protection of the community, the avoidance of unwarranted sentencing disparities, and all of

the other considerations that went into the original sentencing decision. When full consideration is given to the 18 U.S.C. §3553(a) factors, it becomes apparent that Mr. Iliev is not entitled to a reduction in sentence.

The majority of Mr. Iliev's conditions were known, and taken into consideration at the time of sentencing. He has, at this point, only served less than 20% of his sentence. A sentence of this length would not reflect the seriousness of this crime, and would give Mr. Iliev a disparately low sentence compared to other defendants who engage in similar behavior. He also has not shown that he is no longer a danger to the community. He committed a serious offense, illegally importing falsely labeled body armor from China. Although he sold primarily to distributors, by selling counterfeit items he placed the eventual users at risk of serious injury or death due to the poor quality of the product.

Mr. Iliev has not demonstrated extraordinary and compelling reasons for relief in the context of the §3553(a) factors, has not shown that he is no longer a danger to the community, and has not shown that a reduced sentence would be consistent with the USSC's relevant policy statement. Having considered the record, Mr. Iliev' arguments, and all of the factors set forth in 18 U.S.C. §3553(a), the Court finds, in its discretion, that the Defendant's Motion for Compassionate Release should be DENIED. (ECF #46).

IT IS SO ORDERED.

Donald C. Nugent

DONALD C. NUGENT
United States District Judge

DATE: October 30, 2026